# IN THE UNITED STATE DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) **LELAND M. TIGER**, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CIV-13-662-JHP-TLW ) |
| (1) **ACCURATE MANUFACTURING, INC.**, an Oklahoma Corporation, | ) **ATTORNEY LIEN CLAIMED** ) **JURY TRIAL DEMANDED** ) |
| Defendant. | ) |

## COMPLAINT

**COMES NOW** the plaintiff, Leland M. Tiger, by and through BROWN & GOULD, PLLC, for his Complaint against the defendant, Accurate Manufacturing, Inc., alleges and states as follows:

## I.
## THE PARTIES

1. The plaintiff is Leland M. Tiger (hereafter referred to as "**Mr. Tiger**" or "**Plaintiff**"), an individual residing in Tulsa, Tulsa County, Oklahoma.

2. The defendant is Accurate Manufacturing, Inc (hereafter referred to as "**Accurate**" or "**Defendant**"), an Oklahoma corporation with its principal place of business in Tulsa, Tulsa County, Oklahoma. Defendant can be served by and through its service agent, Tom Hancock, 2765 Dawson Road, Tulsa, Oklahoma, 74110.

## II.
## JURISDICTION AND VENUE

3. This action arises out of the constructive discharge of Mr. Tiger's employment from Accurate after more than nine (9) years of service and is based on the following claims: (1) race and national original discrimination and harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.; and (2) discrimination based on a disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 ("**ADA**").

4. This Court has personal jurisdiction over Defendant.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events, acts and omissions giving rise to Plaintiff's claims occurred in and/or arose out of the Northern judicial district of Oklahoma and Defendant's principal place of business is located in Tulsa County, Oklahoma, which is in the Northern District of Oklahoma.

6. Plaintiff has exhausted his administrative remedies by submitting a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("**EEOC**") on or about September 12, 2013. Plaintiff received his Dismissal and Notice of Rights from the EEOC on or about September 12, 2013, and has timely filed this action within ninety (90) days of receipt of his Dismissal and Notice of Rights.

### III.
### STATEMENT OF FACTS

7. Mr. Tiger is a legal resident of the United States and is an American Indian.

8. Mr. Tiger began his employment with Accurate in approximately 2004 as a saw operator. Mr. Tiger was constructively discharged from his employment on August 30, 2013.

9. Throughout his employment, Mr. Tiger was a saw operator. For a short period of time Mr. Tiger held the position as a "lead man" but was later moved back to a saw operator.

10. Mr. Tiger performed each of his job duties satisfactorily and was qualified for the positions he held.

11. During his employment, Mr. Tiger was repeatedly subjected to offensive racial slurs and a hostile work environment by an owner of the business, Rocky Teel ("**Teel**") and by his direct supervisor and shop foreman, Kevin Michael Cox a.k.a. Cowboy Cox ("**Cox**"). Specifically, Mr. Tiger was referred to as such names as (a) "prairie nigger"; (b) "wagon burning bitch"; (c) "wagon burning mother fucker"; (d) redskin mother fucker"; (e) "wagon burner"; (f) "fat, lazy prairie nigger son of a bitch"; and (g) more.

12. During his employment with Accurate, Mr. Tiger was paid less solely as a result of his race and national origin. In addition, Accurate failed to promote Mr. Tiger solely as a result of his race and national origin and required Mr. Tiger to work different and less desirable hours as a result of his race and national origin.

13. Mr. Tiger complained to Accurate about this harassment and hostile work environment, but Accurate failed to take corrective action in response to Mr. Tiger's complaints.

14. Mr. Tiger has bad knees and is physically disabled.

15. Accurate discriminated against Mr. Tiger as a result of his disability by working him harder than other employees and by requiring him to perform tasks alone that were less desirable tasks that required additional physical exertion and lifting. In addition, Cox openly criticized Mr. Tiger's limp in the presence of others.

16. As a direct and proximate result of Accurate's unlawful conduct and discrimination, Mr. Tiger has suffered injuries and incurred damages.

17. On September 12, 2013, Plaintiff filed Charge of Discrimination No. 564-2013-01552 (the "**Charge**") with the Equal Employment Opportunity Commission ("**EEOC**"), attached hereto as **Exhibit 1**.

18. On September 12, 2013, the EEOC issued its written Dismissal and Notice of Rights Letter, attached as **Exhibit 2**.

## IV.
## CAUSES OF ACTION

### FIRST CLAIM
[Title VII]

Plaintiff incorporates all prior allegations and further alleges and states as follows:

19. The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. in the nature of race and national origin based discrimination, harassment and a hostile work environment.

20. As damages, Plaintiff has suffered lost earnings, past and future, emotional distress, and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

21. Because Defendant's actions were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991.

## SECOND CLAIM
(42 U.S.C. § 1981)

Plaintiff incorporates all prior allegations and further alleges and states as follows.

22. The matters alleged above constitute violations of 42 U.S.C. § 1981 in the nature of race-based discrimination which has affected Plaintiff's employment in both tangible and intangible aspects of the job.

23. As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

24. Because Defendant's actions were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991.

### THIRD CLAIM
(ADA - 42 U.S.C. §§ 12101-12213)

Plaintiff incorporates all prior allegations and further alleges and states as follows:

25. Plaintiff is a disabled person within the meaning of the ADA, given that he (a) has a physical impairment that limits his major life activities, including his ability to work; (b) has a record of such an impairment; and/or (c) was regarded by Defendant as being impaired.

26. Plaintiff is qualified, with or without reasonable accommodation, to perform the essential functions of his job duties for Defendant.

27. Plaintiff was discriminated against because of his disability and was made to perform additional, more difficult jobs by Accurate in an attempt to get Mr. Tiger to quit.

## V.
## DAMAGES

For his allegation of damages, Plaintiff incorporates herein by reference all of the allegations heretofore made, and further alleges and states as follows:

28. As a direct and proximate result of Defendant's unlawful discrimination and harassment in violation of federal law, Plaintiff has suffered and continues to suffer actual damages and losses and is entitled to a recovery for the same, including, but not limited to:

   a. Actual damages;
   b. Compensatory damages;
   c. Back pay;
   d. Front pay;
   e. Equitable relief;
   f. Mental anguish;

g.  Liquidated damages as provided for under the FMLA.;
h.  Punitive damages;
i.  Attorneys' fees;
j.  Costs; and,
k.  Interest, including the interest provided for under the FMLA.

## VI.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Leland M. Tiger, respectfully requests this Court enter judgment in his favor and against the Defendant, for an award of damages, attorneys' fees, costs and interest, and for an award of punitive damages, exclusive of attorneys' fees, costs and interest, along with any and all other relief this Court deems just and proper.

Respectfully submitted,

**BROWN & GOULD, PLLC**

s/ George H. Brown
George H. Brown, OBA # 18020
Tony Gould, OBA # 18564
Charles T. Battle, OBA # 22486
**BROWN & GOULD, PLLC**
136 NW 10th Street, Suite 200
Oklahoma City, OK 73103
Telephone: (405) 235-4500
Facsimile: (405) 235-4507
Email: gbrown@browngouldlaw.com
tgould@browngouldlaw.com
cbattle@browngouldlaw.com

**ATTORNEYS FOR PLAINTIFF**